845 F.2d 327
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Jimmy ROYSTER, Petitioner-Appellant,
v.
Norris W. McMACKIN, Supt., Respondent-Appellee.
 No. 87-3726.
 United States Court of Appeals, Sixth Circuit.
 April 29, 1988.
 
 ORDER
 Before KRUPANSKY and BOGGS, Circuit Judges, and BAILEY BROWN, Senior Circuit Judge.
 
 
 1
 This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination of the record and the appellant's brief, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 This Ohio state prisoner, through counsel, appeals the district court's denial of his 28 U.S.C. Sec. 2254 habeas corpus petition.
 
 
 3
 Petitioner was convicted by a jury of aggravated robbery with a firearm specification and kidnapping. He was sentenced to consecutive sentences of 10 to 25 years. After exhausting state court remedies, petitioner filed his petition raising nine grounds for relief. On appeal, petitioner argues that the district court erred in denying his petition on only three of the nine grounds, namely: 1) that he was denied his sixth amendment right to a trial before an impartial jury by the state's use of peremptory challenges to exclude blacks from the jury; 2) that he was denied his sixth amendment right to effective assistance of counsel; and 3) that cumulative errors resulted in a prejudicial and fundamentally unfair trial. Upon review, we conclude that the district court properly denied the petition.
 
 
 4
 The petitioner did not establish a substantial likelihood that the peremptory challenges were made on the basis of group affiliation. See Booker v. Jabe, 775 F.2d 762 (6th Cir.1985), vacated and remanded, 106 S.Ct. 3289, reinstated on remand, 801 F.2d 871 (6th Cir.1986), cert. denied, 107 S.Ct. 910 (1987). He did not establish a pattern of excluding blacks from the jury, and did not rebut the trial judge's finding on this issue. Petitioner also failed to show either that his counsel's performance was deficient or that any such deficiency resulted in an unfair trial. Strickland v. Washington, 466 U.S. 668 (1984). Finally, the petitioner failed to show that the errors cumulatively resulted in a fundamentally unfair trial.
 
 
 5
 Accordingly, the district court's judgment is hereby affirmed pursuant to Rule 9(b)(5), Rules of the Sixth Circuit.